IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIE BURTNESS, *an individual*,

        Plaintiff,

v.

LEGACY HEALTH, *a corporation*,

        Defendant.

No. 3:24-cv-01256-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

    Plaintiff Marie Burtness ("Plaintiff") brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against her former employer, Defendant Legacy Health ("Defendant"). Complaint ("Compl.", ECF 1). Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's failure-to-accommodate claim under Oregon law should be dismissed as time-barred.[1] Motion to Dismiss ("Mot. Dismiss", ECF 10). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

---

[1] Defendant's Motion to Dismiss additionally alleges that Plaintiff failed to state a claim for relief for disparate treatment, disparate impact, retaliation, wrongful reduction in pay, company-wide pattern-or-practice discrimination, or hostile work environment. *See generally* Mot. Dismiss. After conferral between parties, Plaintiff agreed to voluntarily dismiss the additional claims subject to Defendant's Motion to Dismiss. Response in Opposition to Motion to Dismiss ("Resp.", ECF 19), 1. Defendant did not move to dismiss Plaintiff's federal failure-to-accommodate claim. *See generally* Mot. Dismiss. Therefore, the Court addresses only Plaintiff's failure-to-accommodate state claim.

1 – OPINION AND ORDER

## I.   BACKGROUND

At the beginning of March 20202, the COVID-19 pandemic unfolded. Compl., ¶ 6. In October 2020, Plaintiff began working as a part-time registered nurse for Defendant at Legacy Good Samaritan Hospital and then at Legacy Emanuel Hospital. *Id.* at ¶ 16. In the summer of 2021, Defendant imposed a vaccine mandate on all employees, including Plaintiff. *Id.* On August 24, 2021, Plaintiff, a devout Christian, applied for a religious exemption in which she explained, amongst other reasons, that "[t]he COVID-19 vaccines are against her [religious] beliefs as they were created, tested, or manufactured using cells from aborted fetuses." *Id.* at ¶ 17. About a month later, Defendant denied Plaintiff's religious exemption request. *Id.* Defendant ultimately terminated Plaintiff's employment on October 19, 2021. *Id.*

Plaintiff alleges Defendant unlawfully discriminated against her in the workplace based on her religious beliefs in violation of ORS 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. *Id.* at ¶¶ 19–31.

## II.   LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th

2 – OPINION AND ORDER

964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680–81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### III.  DISCUSSION

Plaintiff's state law failure-to-accommodate claim is barred by the 90-day statute of limitations imposed by her receipt of the Bureau of Labor and Industries ("BOLI") right-to-sue letter. Under Oregon law, a plaintiff who files a BOLI complaint "must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant[.]" ORS 659A.875(2). Alternatively, if a plaintiff chooses not to file a BOLI complaint, their action "must be commenced not later than five years after the occurrence of the alleged violation." ORS 956A.875(1).

Plaintiff filed a BOLI complaint alleging Defendant failed to accommodate her religious beliefs in conflict with receiving a COVID-19 vaccine, and Plaintiff received a right-to-sue letter dismissing her BOLI complaint on February 7, 2023. Declaration of Matthew A. Tellam (ECF 11), Ex. 1, Ex. 2. Plaintiff filed this lawsuit on August 1, 2024—over a year outside the 90-day deadline. *See* Compl.

Plaintiff argues that for claims brought under ORS 365A.030, rather than using the 90-day limitation in ORS 659A.875(2), the Court should instead use the five-year limitation found in ORS 659A.875(1)(b) and (6)(b). Resp., 6–7. Although Plaintiff is correct that ORS 659A.875(1)(b) contains a five-year statute of limitation, she ignores that ORS 659A.875(1) begins with the

3 – OPINION AND ORDER

qualification, "[e]xcept as provided in subsection (2) of this section." And here, Plaintiff explicitly chose to proceed—by filing a complaint with BOLI—under subsection (2) of ORS 659A.875. Therefore, the "except[ion]" to the five-year limitation period of ORS 659A.875(1) applies and, because Plaintiff failed to "commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant," her state claim is time-barred.

Plaintiff further points the Court to ORS 659A.875(6)(b), stating that it also contains a five-year statute of limitations and alleges it does not contain an exception list. Resp., 7. Again, Plaintiff is correct that ORS 659A.875(6)(b) contains a five-year statute of limitation, but she ignores that ORS 659A.875(6) begins with the qualification, "[n]otwithstanding ORS 30.275(9)[.]" ORS 30.275(9) provides that "notwithstanding any . . . other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 . . . shall be commenced within two years after alleged loss or injury." Defendant is a corporation—not a public body within the scope of ORS 30.260. Accordingly, ORS 659A.875(6)(b) is not applicable here. And, even if Defendant was a public body, ORS 30.275(9) unambiguously provides an exception for when a Plaintiff proceeds under a statute that provides a statute of limitation. As discussed above, Plaintiff explicitly chose to proceed under ORS 659A.875(2). Therefore, Plaintiff's state law claim is time-barred.

Because Plaintiff's ORS 659A.030 discrimination claim is time-barred, it is dismissed with prejudice.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF 10) is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of December, 2024.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge